UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MICHAEL GARDENHIRE,<br><br>        Petitioner,<br>  v.<br><br>JOHN HENLEY, *et al.*,<br><br>        Respondents. | Case No. 3:25-cv-00657-MMD-CLB<br><br>ORDER |

  Pro se Petitioner Michael Gardenhire has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (EFC No. 1-1 ("Petition")), a motion for leave to proceed *in forma pauperis* (ECF Nos. 1 ("IFP Motion")), and a motion for appointment of counsel (ECF 1-2 ("Motion for Counsel")). Based on Gardenhire's Financial Certificate (ECF No. 4), the Court finds that good cause exists to grant the IFP Motion. However, following an initial review of the Petition under the Rules Governing Section 2254 Cases ("Habeas Rules"), the Court dismisses the Petition as untimely and denies the Motion for Counsel.

**I. BACKGROUND[1]**

  Gardenhire challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County. *State of Nevada v. Michael Gardenhire*, C-17-320625-1. On February 9, 2018, and May 9, 2018, the state court entered a judgment of conviction and amended judgment of conviction, respectively, pursuant to an *Alford* plea, convicting Gardenhire of second-degree murder with the use of a deadly weapon. Gardenhire was sentenced to life with the possibility of parole after 120 months for the second-degree murder conviction plus a consecutive sentence of 96 to 240 months for the deadly weapon enhancement. Gardenhire appealed, but the Nevada Supreme Court dismissed the

---

[1]The Court takes judicial notice of the online docket records of the Eighth Judicial District Court for Clark County (https://perma.cc/Y5GT-CXTV) and the Nevada appellate courts (https://perma.cc/8Z7K-G6GZ).

appeal as untimely on February 13, 2019. *Michael Kevin Gardenhire v. State of Nevada*, No. 77701. Remittitur issued on March 13, 2019.

Gardenhire filed a state habeas petition on June 14, 2018. *Michael Gardenhire v. Brian Williams*, A-18-776086-W. The state court denied the petition on November 7, 2018. It does not appear that Gardenhire appealed this decision.

Gardenhire filed state habeas petitions on August 16, 2019, and October 1, 2019. *Michael Gardenhire v. State of Nevada*, A-19-800479-W. The state court denied the petitions, Gardenhire appealed, and the Nevada Court of Appeals affirmed on October 26, 2021, finding that the petitions were untimely. *Michael Kevin Gardenhire v. State of Nevada*, No. 82648-COA. Remittitur issued on November 30, 2021.

Gardenhire filed a state habeas petition on December 11, 2024. *Michael Gardenhire v. State of Nevada*, A-19-800479-W. The state court denied the petition, Gardenhire appealed, and the Nevada Court of Appeals affirmed on September 16, 2025, finding that the petition was untimely. *Michael Kevin Gardenhire v. State of Nevada*, No. 90260-COA. Remittitur issued on October 24, 2025.

II. **DISCUSSION**

Habeas Rule 4 requires the assigned judge to examine a habeas petition and order a response unless it "plainly appears" that the petition is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases). Gardenhire's Petition is untimely and not cognizable.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a one-year period of limitations for state prisoners to file a federal habeas petition pursuant to 28 U.S.C. § 2254. The one-year limitation period begins to run from the latest of four possible triggering dates, with the most common being the date on which the petitioner's Judgment of Conviction became final by either the conclusion of direct appellate review

or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1). The federal limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). But no statutory tolling is allowed for the period between finality of a direct appeal and the filing of a petition for post-conviction relief in state court because no state court proceeding is pending during that time. *Nino v. Galaza*, 183 F.3d 1003, 1006-07 (9th Cir. 1999); *Rasberry v. Garcia*, 448 F.3d 1150, 1153 n.1 (9th Cir. 2006).

Here, Gardenhire's conviction became final when the time expired for filing a direct appeal of his amended judgment of conviction to the Nevada appellate courts on June 8, 2018.[2] *See* Nev. R. App. P. 4(b)(1) (requiring a notice of appeal to "be filed with the district court clerk within 30 days after the entry of the judgment or order being appealed"); *Gonzalez v. Thaler*, 565 U.S. 134, 137 (2012) (when a state prisoner "does not seek review in a State's highest court, the judgment becomes 'final' on the date that the time for seeking such review expires"). The federal statute of limitations thus began to run the following day: June 9, 2018. Gardenhire timely filed his state habeas petition June 14, 2018, tolling the AEDPA clock. As a result, 5 days elapsed between the finality of the judgment and the filing of the state habeas petition. The remaining 360 days of the AEDPA limitation period was statutorily tolled during the pendency of all proceedings related to Gardenhire's state habeas petition. Tolling ended on November 7, 2018, when the state court denied Gardenhire's state habeas petition given that he did not file an appeal of that decision. The AEDPA clock restarted the following day, November 8, 2018, and expired 360 days later, on November 3, 2019.[3] Accordingly, Gardenhire filed his Petition six years after his AEDPA limitation period expired.

---

[2]Although Gardenhire filed a direct appeal, it was dismissed by the Nevada Supreme Court as untimely. And, importantly, if a petitioner files an appeal that is later dismissed as untimely, finality occurs on the date the petitioner had to file a timely appeal, not the date the state appellate court dismissed the appeal as untimely. *Randle v. Crawford*, 604 F.3d 1047, 1057 (9th Cir. 2010).

[3]Although Gardenhire commenced two other state habeas proceedings, they would only toll the federal limitations period if they were "properly filed." The Supreme

3

Anticipating this untimeliness issue, Gardenhire contends that his one-year limitations period began running on a later date because "[t]he facts necessary to raise this [Petition] weren't available" until the Nevada Court of Appeals decided *Vasquez v. State*.[4] (ECF No. 1-1 at 4.) Gardenhire fails to demonstrate that delayed accrual—even if deemed appropriate under 28 U.S.C. § 2244(d)(1)(B), (C), or (D), which the Court does not find—would affect the timeliness of his Petition given that the operative start date of his AEDPA limitations period would be the date *Vasquez* was decided in 2020, and Gardenhire did not seek habeas relief within a year of *Vasquez* being decided. *See Dodd v. United States*, 545 U.S. 353, 360 (2005) (concluding that, under the similar provision in 28 U.S.C. § 2255(f), the one-year limitations period started running on the date in which the Court initially recognized the right asserted). As such, the Court finds that Gardenhire's Petition is untimely.

Moreover, Gardenhire's sole claim for relief is not cognizable. In his Petition, Gardenhire alleges that the Department of Parole and Probation "was not in compliance with its statutory mandate when it created" his Presentence Investigation Report because it included "subjective recommendations regarding how [the Department of Parole and Probation] thinks criminal defendants ought to be sentenced" rather than "in compliance with NRS 213.10988 wherein the Legislature commanded [the Department of Parole and Probation] to adopt by regulation 'standards' based upon 'objective criteria.'" (ECF No. 1-

---

Court has held that if a habeas petitioner's state postconviction petition was rejected by the state court as untimely, it is not "properly filed" within the meaning of the statutory tolling provision of the AEDPA limitations period. *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) ("Because the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)."); *see also Artuz v. Bennett*, 531 U.S. 4, 8 (2000) ("[A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee."). Gardenhire's two other state habeas petitions were not properly filed given that they were found to be untimely under state procedural rules.

[4]In *Vasquez v. State*, the Nevada Court of Appeals remanded the case to the district court, concluding that it "abused its discretion by sentencing Vasquez without due consideration to his objections to the PSI." No. 79409-COA, 2020 WL 4696206, *1 (Nev. App. Aug. 12, 2020).

1 at 6.) This argument does not present a cognizable claim for federal habeas relief. First, federal habeas corpus relief may be granted "only on the ground that [Petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Federal habeas relief is unavailable for mere violations of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (explaining that "it is not the province of a federal habeas corpus court to reexamine state-court determinations on state-law questions"). Second, a petitioner "may not . . . transform a state-law issue into a federal one merely by asserting a violation of due process." *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996). Third, matters relating to state sentencing are not generally cognizable on federal habeas review. *See Miller v. Vasquez*, 868 F.2d 1116, 1118-19 (9th Cir. 1989) (explaining that the question of whether a prior conviction qualifies for a sentence enhancement under California law is not cognizable under federal habeas). Finally, NRS § 213.10988 was repealed in 2021. Accordingly, even if Gardenhire could demonstrate that his Petition is timely, his Petition is not cognizable.

## III.  CONCLUSION

It is therefore ordered that the IFP Motion (ECF No. 1) is granted.

It is further ordered that the Petition (ECF No. 1-1) is dismissed with prejudice. A certificate of appealability is denied, as jurists of reason would not find dismissal of the Petition for the reasons stated herein to be debatable or wrong.

It is further ordered that the Motion for Counsel (ECF No. 1-2) is denied as moot.

It is further kindly ordered that the Clerk of Court (1) add Nevada Attorney General Aaron D. Ford as counsel for Respondents,[5] (2) informally serve the Nevada Attorney General with the Petition (ECF No. 1-1), this Order, and all other filings in this matter by sending notices of electronic filing to the Nevada Attorney General's office, (3) enter final judgment accordingly, dismissing this action with prejudice, and (4) close this case.

---

[5] No response is required from Respondents other than to respond to any orders of a reviewing court.

DATED THIS 2nd Day of December 2025.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE